ROIG COMMERCIAL BANK, Plaintiff and Appellee, *v.* EDARDO VALLADARES ET AL., Defendants and Appellants.

No. 4483. Argued June 15, 1928.—Decided June 22, 1928.

*Andrés Mena Latorre* for the appellants. *González Fagundo & González Jr.* for the appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

The plaintiff bank recovered a judgment on a promissory

note. As against one of the defendants, to prove that she had authorized a power of attorney to her husband, the bank offered in evidence a copy of a power of attorney duly certified from the office of a notary. Objection was made to this document because the bank that obtained it was not an interested party. The court very well decided that the notarial law, while it said that only certain persons might obtain copies of documents, yet, once obtained, there was nothing to prevent their being offered in evidence.

However, a bank suing on a note when the maker purports to be acting under a power is a person interested in obtaining a copy of the said power of attorney. A person who contracts with an agent in the name of a principal is always interested in proving the agency and that interest is generally a pecuniary one and sufficient.

We are agreed with the court and the appellee that under section 119 of the Code of Civil Procedure the execution and genuineness of a note transcribed in the complaint is admitted unless properly denied. The appellants say that they do not deny the execution and genuineness of some note, but they deny that the supposed hypothetical note was identified with the note sued upon. The best answer to this is that the note was offered in evidence at the trial, despite the fact that the plaintiff bank did it out of excess of caution. It was offered as the same note described in the complaint and no objection was specifically made on the ground of the lack of identification. We agree that at a trial on a promissory note a complainant must show that he is the owner and holder of the note at the time, but the plaintiff did this.

The only substantial defense, if it may be so called, was that the principal defendant received no benefit from the loan and never authorized her husband as attorney in fact to make it. The court sufficiently answered this contention by a citation from *Commercial Bank* v. *Arguinsonis,* 35 P.R.R. 260. We quite agree with the appellants that a power of attorney or a note may be attacked for various reasons, even

though its genuineness and execution are admitted, but we find no sufficient attack by way of evidence was made at the trial.

The judgment will be affirmed.